UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>MATEO VENTURA, )<br>)<br>Defendant )<br>)<br>_____ ) | Criminal No. 23-10271-DJC |

**REPORT AFTER FINAL STATUS CONFERENCE**
**PURSUANT TO LOCAL RULE 116.5(c)**

April 9, 2024

In this case, Defendant is charged in an indictment with one count of Concealment of Financing of Terrorism, in violation of 18 U.S.C. § 2339(C)(c)(2)(A). Defendant was arraigned by video conference on October 27, 2023. I held a final status conference on April 9, 2024 in Worcester which counsel attended by telephone. Based on the status conference and a joint memorandum submitted in advance, I have scheduled tentatively a competency hearing for April 26, 2024 at 11 a.m. The Court expects to receive expert testimony by video conference. I further report as follows:

**Local Rule 116.5(c)(2)**

The parties move for a pretrial conference before the district judge to resolve the issue of Defendant's competency (which will be the subject of a Report and Recommendation from me) and to schedule a trial date. Accordingly, the file is ordered transferred to Judge Casper.

    a. The United States reports that it produced automatic discovery with the exception of some materials subject to a filing by the United States under the Classified Information Procedures Act. I have directed the United States to notify my session if these CIPA materials are not produced on or before June 10, 2024.

    b. All other discovery requests and motions have been resolved.

    c. Apart from the matter of Defendant's competency, Defendant has not filed pretrial motions pursuant to Fed. R. Crim. P. 12(b).

    d. The Court has excluded the period from October 27, 2023 (the date of Defendant's arraignment), through the April 9, 2024 Final Status Conference. The parties propose that any time from the Final Status Conference through resolution of the competency motion be excluded under the interest of justice provision of the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A). I will allow that request and enter a separate written order. It appears that nine days (from the filing of the indictment on October 17, 2023 to the October 27, 2023 arraignment) are chargeable against the statutory speedy trial clock. See Order of Excludable Delay entered on this date.

    **e.** Trial will require five days.

**Local Rule 116.5(c)(3)**

Defendant is detained. He does not require the services of an interpreter.

The Court issued a protective order on November 22, 2023.

I have adopted the parties' proposal that the Government's expert disclosures, if any, shall be due forty-five (45) days before trial and Defendant's expert disclosures, if any, shall be due twenty-one (21) days before trial.

Defendant is to report to the District Court whether he will raise defenses of insanity, public authority, or alibi.

There have been no plea discussions, and the likelihood of trial is unclear.

/ s / David H. Hennessy  
David H. Hennessy  
United States Magistrate Judge