UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)   Criminal No. 23-cr-10271-DJC<br>MATEO VENTURA,   )<br>)<br>Defendant.   )<br>) | |

## MEMORANDUM REGARDING EXCLUSION OF TIME

The United States of America hereby submits this Memorandum regarding the Court's prior Order excluding the time from September 20, 2024, "through such time as the Defendant is deemed competent to stand trial, pursuant to 18 U.S.C. § 3161(h)(4)." Order, Dkt. No. 128. In short, 18 U.S.C. § 3161(h)(4) creates an unambiguous and mandatory requirement that any time between when a defendant is declared incompetent and when the defendant's competency has been restored must be excluded under the Speedy Trial Act.

## Background

On September 20, 2024, the Court issued an Order regarding the Defendant's mental capacity. Subsequently, on October 7, 2024, the government, with the assent of the Defendant, filed a motion to exclude the time "from the Court's Order of September 20, 2024, until such time as the defendant is deemed competent to stand trial, pursuant to 18 U.S.C. § 3161(h)(4)." Dkt. No. 123. On October 17, 2024, the government, again with the assent of the Defendant, filed another motion to exclude the time because "[t]he parties agree that the time between September 20, 2024 until such time as the defendant is deemed competent to stand trial should be excluded, pursuant to 18 U.S.C. § 3161(h)(4)." Dkt. No. 127. The court granted that order on October 18, 2024. Dkt. No. 128.

After the Court entered its Order, the Bureau of Prisons informed the parties that the wait time for a bed for the Defendant was approximately seven months. On November 4, 2024, notwithstanding the Defendant's prior agreement to exclude the time, counsel for the Defendant suggested that he could no longer agree to an exclusion of time. In response to a request by the Court, the government hereby files this Memorandum outlining why the Court's Order excluding the time "through such time as the Defendant is deemed competent to stand trial" is required under the Speedy Trial Act and cannot be modified.

## Argument

The Speedy Trial Act states that certain "periods of delay shall be excluded… in computing the time within which the trial of any such offense must commence," including "any period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial." 18 U.S.C. § 3161(h)(4). The words of the statute are clear and unambiguous, and leave no wiggle room: *any* period of time during which the defendant is mentally incompetent *shall* be excluded. *U.S. v. Perry*, 116 F.4th 578, 582 (6th Cir. 2024) (the text of 3161(h)(4) is "unambiguous and mandatory… The terms 'any' and 'shall' 'are absolute prohibitions on counting against the Speedy Trial Act deadline time that results from a defendant being deemed incompetent to stand trial," despite 152-day period between the defendant's designation to a facility and his arrival there); *U.S. v. Romero,* 833 F.3d 1151, 1154 (9th Cir. 2016) (the text of 3161(h)(4) "is absolute; any period during which a trial cannot commence because of a defendant's incompetence must be excluded"). As a result, the exclusion of time is automatic, not discretionary. *Romero*, 833 F.3d 1151 at 1154-55. The reasoning is straightforward: otherwise, any period of time during which a defendant was declared incompetent that exceeded seventy days would result in a dismissal of the charges under the

Speedy Trial Act, a result which clearly does not align with the statute. It would also run afoul of Constitutional protections by requiring the government to bring an incompetent defendant to trial. *Perry,* 116 F.4th at 582 ("[a]fter all, trying a defendant incompetent to assist in his defense violates due process," and as a result failing to exclude the time "would penalize the government for failing to bring to trial a defendant who could not lawfully be tried."). In short, the Court *must* exclude the time until the Defendant is competent to stand trial, and the Court acted correctly in doing so.

Therefore, the Court should decline to reconsider its Order of October 18, 2024, excluding the time from September 20, 2024 "through such time as the Defendant is deemed competent to stand trial, pursuant to 18 U.S.C. § 3161(h)(4)." Dkt. No. 128.

Respectfully submitted,

Date: November 11, 2024

JOSHUA S. LEVY
Acting United States Attorney

By:   */s/ Timothy H. Kistner*
Timothy H. Kistner
Laura J. Kaplan
Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this date.

                                                */s/ Timothy H. Kistner*
                                                Timothy H. Kistner
                                                Assistant U.S. Attorneys